1 | Brent H. Blakely (SBN 157292)
2 | bblakely@blakelylawgroup.com
  | Cindy Chan (SBN 247495)
3 | cchan@blakelylawgroup.com
  | BLAKELY LAW GROUP
4 | 915 North Citrus Avenue
  | Los Angeles, California 90038
5 | Telephone: (323) 464-7400
  | Facsimile: (323) 464-7410
6 | *Attorneys for Plaintiff*
7 | *Network Automation, Inc.*

FILED
2010 JAN 22 PM 2:23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NETWORK AUTOMATION, INC., a California Corporation,

    Plaintiff,

vs.

ADVANCED SYSTEMS CONCEPTS, INC., a New Jersey Corporation; and DOES 1-10, inclusive,

    Defendant.

CASE NO. CV10 0484 CBM (CWx)

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Plaintiff Network Automation, Inc. ("Plaintiff"), for its claims against Defendant Advanced Systems Concepts, Inc. ("Defendant"), respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. § 1051, et seq. (Lanham Act). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

2. This Court has personal jurisdiction over Defendant because Defendant conducts business within Central District of California.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Network Automation, Inc. ("Network Automation") is a corporation organized and existing under the laws of the State of California, with a principal place of business in Los Angeles, California.

5. Upon information and belief, Defendant Advanced Systems Concepts, Inc. ("ASCI") is a corporation organized and existing under the laws of the state of New Jersey with a principal place of business in Morristown, New Jersey.

6. Plaintiff is unaware of the names and true capacities of Defendant, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon allege, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein and, that at all times referenced, each was the agent and servant of the other Defendant and was acting within the course and scope of said agency and employment.

7. Plaintiff is informed and believes, and based thereon allege, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief – 28 U.S.C. § 2201(a))

8. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

9.   Since 2004, Network Automation has been engaged in the development and sale of software that enables users to free themselves from repetitive tasks and automate any task ranging from small jobs on workstations to network-wide intelligent automation routines.

10.  Network Automation was founded by Dustin Snell, who since Network Automation's birth, has spent years building the company to its current position. Mr. Snell previously worked as an advisor to the product development team at Elan Software (now Frontrange Solutions) until he launched his first company in 1995 with a new focus of creating the best-of-breed automation software for Windows systems. The new company, which was called Unisyn Software and was accessed via the Internet at www.networkautomation.com, quickly became the leader in the desktop automation market. In July of 2004, Mr. Snell recast Unisyn as Network Automation with the vision of automating corporate networks and business processes.

11.  Network Automation has distinguished itself as a leader in the market for automation software geared towards simplifying business computing and networking.

12.  The Network Automation product line has been praised and recognized in articles appearing in publications that target IT professionals, such as Network World, Redmond Magazine, eWeek, Network Computing, and Windows IT Pro Magazine.

13.  Upon information and belief, Plaintiff hereon alleges that Defendant ASCI is a software engineering company specializing in the development of System Software Solutions which enhance Microsoft Windows® including Windows 7, Linux, UNIX and OpenVMS systems.

14.  Upon information and belief, ASCI is the owner of the federally registered trademark ACTIVEBATCH, U.S. Registration No. 2,446,087.

15.  On or about November 16, 2009, ASCI's Vice President of Sales and Marketing sent a letter to Network Automation alleging improper usage of ASCI's ACTIVEBATCH mark in relationship to internet search engines.

16. Specifically, ASCI believes that Network Automation is infringing upon the ACTIVEBATCH mark by using it or variations of it with respect to the Google AdWords® Program to improperly direct customers to Network Automation's website.

17. An actual, present, and justiciable controversy exists between Network Automation and ASCI regarding Network Automation's alleged usage of ASCI's ACTIVEBATCH mark with regards to the Google AdWords® Program.

18. The actual controversy that exists between Network Automation and ASCI is within this Court's jurisdiction such that this Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201(a).

19. Pursuant to 28 U.S.C. § 2201, Plaintiff requests that this Court enter a declaratory judgment of non-infringement of ASCI's trademarks by Network Automation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A. This Court exercises jurisdiction over this matter;

B. Network Automation has not infringed upon the ACTIVEBATCH mark or any other registered mark owned by ASCI;

C. Network Automation is not in violation of any provision of the Lanham Act;

D. ASCI is not entitled to recover any monetary damages whatsoever from Network Automation.

E. Network Automation be awarded costs incurred in this action.

///
///
///
///
///

F.  Network Automation be granted such other further relief as may be just and proper.

Dated: January 22, 2010           BLAKELY LAW GROUP

                                  By: /s/ Cindy Chan
                                      Brent H. Blakely
                                      Cindy Chan
                                      *Attorneys for Plaintiff
                                      Network Automation, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV10- 484 CBM (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Attorneys for Plaintiff Network Automation, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK AUTOMATION, INC., a California Corporation, <br><br> PLAINTIFF(S) <br> v. <br><br> ADVANCED SYSTEMS CONCEPTS, INC., a New Jersey Corporation; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV10 0484 CBM (CWx) <br><br> SUMMONS |

TO:     DEFENDANT(S): Advanced Systems Concepts, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Brent H. Blakely and/or Cindy Chan__, whose address is __915 North Citrus Avenue, Hollywood, California 90038__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 2 2 2010

By: CHRISTOPHER POWERS
    Deputy Clerk
    SEAL
    (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> Network Automation, Inc. | DEFENDANTS <br> Advanced Systems Concepts, Inc. |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> BLAKELY LAW GROUP   Telephone: (323) 464-7400 <br> 915 North Citrus Avenue <br> Hollywood, California 90038 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory Judgment of Non-Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV10 0484**
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
 ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Network Automation, Inc. - Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Advanced Systems Concepts, Inc. - New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 1/22/2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |