James E. Doroshow (SBN 112920)
 jdoroshow@foxrothschild.com
Phillip F. Shinn (SBN 112051)
 pshinn@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 598-4150
Facsimile:   (310) 556-9828

Attorneys for Defendant and
Counterclaimant Advanced Systems
Concepts, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK AUTOMATION, INC., a California corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>ADVANCED SYSTEMS CONCEPTS, INC., a New Jersey corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:10-cv-0484 CBM (CWx)<br><br>**ANSWER AND COUNTERCLAIMS**<br><br>**[DEMAND FOR JURY TRIAL]** |
| ADVANCED SYSTEMS CONCEPTS, INC., a New Jersey corporation,<br><br>        Counterclaim-Plaintiff,<br><br>      v.<br><br>NETWORK AUTOMATION, INC., a California corporation,<br><br>        Counterclaim-Defendant. | |

Defendant Advanced Systems Concepts, Inc. ("ASCI"), by its attorneys, Fox Rothschild LLP, as and for its Answer to the Complaint by plaintiff Network Automation, Inc. ("Network Automation"), states as follows:

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

1

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

1.    The allegations of paragraph 1 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, ASCI denies the truth of the allegations in paragraph 1 of the Complaint and further denies that the Lanham Act is embodied in Title 17 of the United States Code.

2.    The allegations of paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, ASCI denies the truth of the allegations in paragraph 2 of the Complaint.

3.    The allegations of paragraph 3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, ASCI denies the truth of the allegations in paragraph 3 of the Complaint.

4.    ASCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies the truth of the same.

5.    ASCI admits the truth of the allegations in paragraph 5 of the Complaint.

6.    ASCI denies the truth of the allegations in paragraph 6 of the Complaint.

7.    ASCI denies the truth of the allegations in paragraph 7 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Alleged Declaratory Relief – 28 U.S.C. § 2201(a)

8.    ASCI incorporates by reference its answers to paragraphs 1 through 7 hereof as if fully set forth herein.

9.    ASCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies the truth of the same.

///

///

2

10.     ASCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies the truth of the same.

11.     ASCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the truth of the same.

12.     ASCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, therefore, denies the truth of the same.

13.     ASCI admits that it is a software engineering and consulting company specializing in the development of strategic system software management solutions for a wide array of platforms, including Windows, Linux, UNIX, z/OS, and Open VMS systems but otherwise denies the truth of the allegations in paragraph 13 of the Complaint.

14.     ASCI admits the truth of the allegations in paragraph 14 of the Complaint.

15.     ASCI admits the truth of the allegations in paragraph 15 of the Complaint.

16.     ASCI admits the truth of the allegations in paragraph 16 of the Complaint.

17.     The allegations of this paragraph of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, ASCI denies the truth of the allegations in paragraph 17 of the Complaint.

18.     The allegations of this paragraph of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, ASCI denies the truth of the allegations in paragraph 18 of the Complaint.

19.     The allegations of this paragraph of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required,

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

1  ASCI denies the truth of the allegations in paragraph 19 of the Complaint and

2  further denies that Network Automation is entitled to any of the relief sought in

3  paragraph 19 of the Complaint.

4  <u>**AFFIRMATIVE DEFENSES**</u>

5  ASCI, while reserving its right to assert other applicable defenses as this

6  action proceeds, presently asserts the following affirmative defenses to the claims

7  raised in Network Automation's Complaint:

8  <u>**First Affirmative Defense**</u>

9  The Complaint fails to state any claim against ASCI upon which relief may

10  be granted.

11  <u>**Second Affirmative Defense**</u>

12  Network Automation's claims are barred, in whole or in part, by the doctrine

13  of consent.

14  <u>**Third Affirmative Defense**</u>

15  Network Automation's claims are barred, in whole or in part, by the doctrine

16  of estoppel.

17  <u>**Fourth Affirmative Defense**</u>

18  Network Automation's claims are barred, in whole or in part, by the doctrine

19  of laches.

20  <u>**Fifth Affirmative Defense**</u>

21  Network Automation's claims are barred, in whole or in part, by the doctrine

22  of waiver.

23  <u>**Sixth Affirmative Defense**</u>

24  Network Automation's claims are barred, in whole or in part, by the doctrine

25  of unclean hands.

26  <u>**Seventh Affirmative Defense**</u>

27  Network Automation's use of ASCI's federally registered ACTIVEBATCH

28  trademark and variations thereof constitutes trademark infringement under 15

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

4

1  U.S.C. § 1114(1) and common law.

2  ## Eighth Affirmative Defense

3       Network Automation's use of ASCI's federally registered ACTIVEBATCH

4  trademark and variations thereof constitutes unfair competition and false

5  designation of origin under 15 U.S.C. § 1125(a) and common law.

6  ## Ninth Affirmative Defense

7       ASCI presently has insufficient knowledge or information on which to form

8  a belief as to whether there may be additional, as yet unstated affirmative defenses.

9  Thus, to the extent this Court may have jurisdiction herein, and subject to discovery

10 in this action, ASCI expressly reserves its right to assert additional defenses as

11 appropriate.

12 ## PRAYER FOR RELIEF

13      WHEREFORE, ASCI respectfully prays the Court grant the following relief:

14      (1)     That Network Automation take nothing by its suit herein;

15      (2)     That Network Automation's Complaint herein be dismissed with

16 prejudice;

17      (3)     That judgment be entered in favor of ASCI herein;

18      (4)     That the Court award ASCI its costs of suit herein, including

19 reasonable attorneys' fees to the extent permissible by law; and

20      (5)     That ASCI be awarded such other and further relief as the Court may

21 deem just and proper.

22 ## COUNTERCLAIMS

23      For its Counterclaims against Counterclaim-Defendant Network Automation,

24 Inc. ("Network Automation"), Counterclaim-Plaintiff Advanced Systems Concepts,

25 Inc. ("ASCI") states and alleges as follows:

26 ## JURISDICTION AND VENUE

27      1.      This Court has subject matter jurisdiction over these Counterclaims

28 pursuant to 28 U.S.C. §§ 1367, 1338(a), and 1338(b).

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

5

1    2.    This Court has personal jurisdiction over Counterclaim-Defendant
2    Network Automation because Network Automation resides in the Central District
3    of California, conducts business within the Central District of California, and has
4    invoked the jurisdiction of this Court by filing the Complaint herein.

5    3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6                            **THE PARTIES**

7    4.    Counterclaim-Plaintiff ASCI is a corporation organized and existing
8    under the laws of the State of New Jersey and having its principal place of business
9    at 1180 Headquarters Plaza, West Tower, Third Floor, Morristown, New Jersey.

10    5.    Counterclaim-Defendant Network Automation is a corporation
11    organized and existing under the laws of the State of California and having a
12    principal place of business in Los Angeles, California.

13            **FACTS COMMON TO AND APPLICABLE TO ALL COUNTS**

14    6.    ASCI was founded in 1981 as a software engineering and consulting
15    company specializing in the development of strategic system software management
16    solutions for clients world wide.    ASCI specializes in the development of
17    middleware and system software solutions for a wide array of platforms, including
18    Windows, UNIX, Linux, z/OS, and Open VMS systems among others.    These
19    software solutions provide improved system efficiency and utilization for software
20    developers and IT system managers.    ASCI has over 200,000 software licenses
21    installed and a customer base in 37 countries.

22    7.    Since at least as early as January 6, 2000, ASCI has used
23    "ActiveBatch" as a trademark in connection with, *inter alia*, computer software for
24    job management (hereinafter the "ActiveBatch Mark").

25    8.    ASCI's product sold under the ActiveBatch Mark ("ActiveBatch
26    Product) has become ASCI's premier product and accounts for a substantial portion
27    of ASCI's sales.

28

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

9.    The ActiveBatch Product is a cross-platform job scheduler and workload automation solution that allows enterprises to centrally manage disparate jobs and workflows, including tasks involving the most common operating systems, enterprise business applications, and even Web services.  From a central dashboard, users can leverage the ActiveBatch Product's integrated jobs library to perform sophisticated IT process automation, correlate events, and perform business impact analysis.   In general, the ActiveBatch Product's event-based architecture and production-ready job steps help users quickly and efficiently expedite the IT workload

10.    ASCI has extensively advertised and promoted the ActiveBatch Mark internationally and has sold the ActiveBatch Products to more than 1000 clients, including many within the United States.

11.    As a result of its long-standing, continuous, and exclusive use of the inherently distinctive ActiveBatch Mark and the commercial success of the products sold thereunder, ASCI has achieved substantial goodwill in connection with the ActiveBatch Mark.

12.    The ActiveBatch Mark has come to represent the valuable goodwill and reputation of ASCI as a supplier of high-quality software products and, further, as an innovative leader in the job management and scheduling computer software market.

13.    ASCI's ownership of the ActiveBatch Mark is a matter of public record.

14.    ASCI's use of the ActiveBatch Mark has been open, notorious, and continuous.

15.    ASCI is the owner of United States Trademark Registration No. 2,446,087 for the word mark ACTIVEBATCH in International Class 9 for "computer software for job management and scheduling of interactive and non-

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

interactive computer-related tasks for unattended mode operation on standalone or networked computers" (hereinafter the "ACTIVEBATCH Registration").

16.     The ACTIVEBATCH Registration was registered on April 24, 2001.

17.     The ACTIVEBATCH Registration has become incontestable pursuant to 15 U.S.C. § 1065.

18.     The ACTIVEBATCH Registration is valid and subsisting, has not been canceled, and constitutes *prima facie* evidence of the validity of the ActiveBatch Mark, of the registration of the ActiveBatch Mark, of ASCI's ownership of the ActiveBatch Mark, and of ASCI's exclusive right to use the ActiveBatch Mark in commerce.   A copy of the registration certificate for the ACTIVEBATCH Registration is attached hereto as Exhibit A.

19.     By virtue of the ACTIVEBATCH Registration, Network Automation has been at least on constructive notice of ASCI's rights in the ActiveBatch Mark.

20.     Network Automation also has had actual knowledge of the ActiveBatch Mark, ASCI's use thereof, and the ACTIVEBATCH Registration. Network Automation is a direct competitor of ASCI in the market for job management and scheduling software and sells products that compete directly with ASCI's ActiveBatch product.  Network Automation has used "ActiveBatch" and similar designations in connection with its sales and advertising of its competitive products, at least through the use of such marks in Internet search engine advertising, when Network Automation has no rights to use such marks and such marks are not descriptive of Network Automation's products or services. Furthermore, Network Automation was put on actual notice of ASCI's ownership of the ActiveBatch Mark and ACTIVEBATCH Registration by letter dated November 16, 2009, from ASCI's Vice President of Sales and Marketing to Network Automation, and again by letter dated December 23, 2009, from ASCI's counsel to Network Automation.   Copies of the letters are attached hereto as Exhibits B and C, respectively.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

21.   Network Automation, founded in 2004, develops and sells job scheduling and automation software.

22.   Network Automation's sole product line is the AutoMate job scheduling software.

23.   Network Automation's AutoMate product is a direct competitor to ASCI's ActiveBatch Product.

24.   Network Automation is advertising, marketing, promoting, offering for sale, and selling the AutoMate product in United States commerce using the ActiveBatch Mark.

25.   Upon information and belief, Network Automation has purchased one or more keyword advertisements using the ActiveBatch Mark or highly similar variations thereof on one or more Internet search engines, including Google ("Infringing Advertisements").

26.   Screen shots depicting various Network Automation advertisements that are retrieved by searching for terms comprising the ActiveBatch Mark including "ActiveBatch" or "Active Batch" on Google and Microsoft Bing are attached hereto as Exhibit D.

27.   A search for "ActiveBatch" on Google retrieves at least two different "Sponsored Links" that direct the user to Network Automation's Web site for its AutoMate product that is related to and competes directly with the ActiveBatch Product.

28.   A search for "Active Batch" on Google retrieves at least one "Sponsored Link" that direct the user to Network Automation's Web site for its AutoMate product that is related to and competes directly with the ActiveBatch Product.

29.   A search for "ActiveBatch" on Microsoft Bing retrieves at least one "Sponsored Site" that direct the user to Network Automation's Web site for its

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

9

AutoMate product that is related to and competes directly with the ActiveBatch Product.

30.    A search for "Active Batch" on Microsoft Bing retrieves at least one "Sponsored Site" that direct the user to Network Automation's Web site for its AutoMate product that is related to and competes directly with the ActiveBatch Product.

31.    The Infringing Advertisements are likely to cause confusion or mistake or to deceive consumers as to the origin, sponsorship, affiliation, or endorsement of Network Automation's Web site and the products sold thereon.

32.    The Infringing Advertisements are likely to at least initially confuse consumers into clicking on Network Automation's "Sponsored Link" banner advertisements, thereby directing the consumers to Network Automation's Web site and allowing Network Automation to misappropriate ASCI's goodwill.

33.    ASCI has not authorized Network Automation's use of the ActiveBatch Mark in any form or variation.  ASCI has not approved, authorized, sponsored, or endorsed any of Network Automation's products.

34.    Network Automation's competitive products are targeted to substantially the same consumer base as ASCI's ActiveBatch product.

35.    Customers familiar with the ActiveBatch Mark and looking for the ActiveBatch product would likely believe, incorrectly, that the Infringing Advertisements relate to or will direct the customers to ASCI's products, a means to purchase the same, or information regarding the same; that ASCI is responsible for the Infringing Advertisements; that there is some type of affiliation, connection, or association between ASCI and Network Automation, the Infringing Advertisements, or the products offered through the Infringing Advertisements; or that ASCI has sponsored, endorsed, or approved of Network Automation's Infringing Advertisements or the products offered through the Infringing Advertisements.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

10

36.   Network Automation's offering of products in connection with the ActiveBatch Mark improperly trades off the goodwill ASCI has established in the ActiveBatch Mark in order to improperly attract consumers to Network Automation's competitive products.

37.   Once a consumer follows the hyperlinks in the Infringing Advertisements and is directed to Network Automation's Web site, even if the consumer recognizes that the products offered are not ASCI's ActiveBatch products or that the site is not authorized by or affiliated with ASCI, the consumer may remain on Network Automation's Web site and purchase products from Network Automation.  In this manner, the Infringing Advertisements harm the goodwill in the ActiveBatch Mark by weakening the association of the ActiveBatch Mark with ASCI's products, and such consumers are likely to instead purchase Network Automation's competitive products.

38.   Despite having actual and constructive knowledge of ASCI's rights in the ActiveBatch Mark and the ACTIVEBATCH Registration and despite having received express notice of the same, Network Automation has failed to cease its infringing activities and continues to advertise, market, promote, offer for sale, and sell its competitive products using the ActiveBatch Mark without authorization from ASCI and in complete and willful disregard of ASCI's federal and common law trademark rights.

39.   ASCI is informed and believes, and on that ground alleges, that Network Automation adopted the Infringing Advertisements with knowledge of ASCI's ActiveBatch Mark and ACTIVEBATCH Registration and with the intent to deceive consumers and to cause confusion among purchasers for the purpose of misappropriating and benefiting from the goodwill and public recognition associated with ASCI's ActiveBatch Mark and by diverting sales from ASCI to Network Automation.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

CASE NO. 2:10-cv-00484 (CBM)(CWx)                    ANSWER AND COUNTERCLAIMS
SF1 29960v1 02/22/10

40.    ASCI is informed and believes, and on that ground alleges, that Network Automation has based its aforementioned activities and Infringing Advertisements on a misunderstanding of the law of infringement, and therefore is not justified in its actions.   This misunderstanding is reflected in Network Automation's response to the letter dated December 23, 2009, from ASCI's counsel, where Network Automation relied on the then-overruled decision in *Rescuecom Corp. v. Google Inc.*, 456 F. Supp. 2d 393 (N.D.N.Y. 2006), to support its position.

41.    Network Automation has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to ASCI for which ASCI has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

42.    ASCI repeats and re-alleges the allegations of paragraphs 1 through 41 as if fully set forth herein.

43.    Network Automation's goods and services are offered and advertised to the same or similar classes of purchasers and through the same channels of commerce as ASCI's goods and services and compete directly with ASCI's goods and services.

44.    Network Automation's unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of ASCI's goods or services and falsely mislead consumers into believing that Network Automation's products originate from ASCI; are affiliated or connected with ASCI; or are licensed, sponsored, authorized, approved by, or sanctioned by ASCI; or that ASCI controls the quality of Network Automation's products.

45.    Network Automation's unlawful and improper actions, as set forth above, are likely to at least initially confuse consumers into clicking on Network

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

Automation's "Sponsored Link" banner advertisements, thereby directing the consumers to Network Automation's Web site and allowing Network Automation to misappropriate ASCI's goodwill.

46.    Network Automation's actions have been and remain willful and in a bad faith intent to profit on ASCI's ActiveBatch Mark.

47.    Accordingly, Network Automation's activities constitute infringement of ASCI's ACTIVEBATCH REGISTRATION in violation of section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

48.    Network Automation's acts of infringement have caused ASCI to sustain monetary damage, loss, and injury in an amount to be determined at trial.

49.    Network Automation has engaged and continues to engage in these activities knowingly and willfully so as to justify the assessment of treble damages and attorneys' fees under section 35 of the Lanham Act (15 U.S.C. § 1117).

50.    Network Automation's acts of infringement have and, unless enjoined by this Court, will continue to cause ASCI to sustain irreparable harm, loss, and injury for which ASCI has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition (Federal)

51.    ASCI repeats and re-alleges the allegations of paragraphs 1 through 50 as if fully set forth herein.

52.    Network Automation's unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of ASCI's goods and services or Network Automation's goods and services and falsely mislead consumers into believing that Network Automation's products originate from ASCI; are affiliated or connected with ASCI; or are licensed, sponsored, authorized, approved by, or sanctioned by ASCI; or that ASCI controls the quality of Network Automation's products.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

CASE NO. 2:10-cv-00484 (CBM)(CWx)                    ANSWER AND COUNTERCLAIMS
SF1 29960v1 02/22/10

53.    Network Automation's activities constitute false designation of origin and unfair competition in violation of section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

54.    Network Automation's aforementioned acts have caused ASCI to sustain monetary damage, loss, and injury in an amount to be determined at trial.

55.    Network Automation's aforementioned acts have and, unless enjoined by the Court, will continue to cause ASCI to sustain irreparable harm, loss, and injury for which ASCI has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

56.    ASCI repeats and re-alleges the allegations of paragraphs 1 through 55 as if fully set forth herein.

57.    In addition to the ACTIVEBATCH Registration, ASCI owns and uses the ActiveBatch Mark and enjoys common law rights in California and throughout the United States in and to the ActiveBatch Mark in connection with computer software for job management and scheduling, and these rights are senior and superior to any rights that Network Automation may claim in and to its goods and services.

58.    Network Automation's use of the ActiveBatch Mark is intentionally designed to trade on the goodwill and reputation that ASCI has established in the ActiveBatch Mark.

59.    Network Automation's unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of ASCI's goods and services or Network Automation's goods and services and falsely mislead consumers into believing that Network Automation's products originate from ASCI; are affiliated or connected with ASCI; or are licensed,

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

sponsored, authorized, approved by, or sanctioned by ASCI; or that ASCI controls the quality of Network Automation's products.

60.    Network Automation's aforementioned acts have and, unless enjoined by the Court, will continue to cause ASCI to sustain irreparable harm, loss, and injury for which ASCI has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### State and Common Law Unfair Competition

61.    ASCI repeats and re-alleges the allegations of paragraphs 1 through 60 as if fully set forth herein.

62.    Network Automation has intentionally appropriated ASCI's ActiveBatch Mark with the intent of causing confusion, mistake, and deception as to the source of Network Automation's goods and services with the intent to palm-off its goods and services as those of ASCI, and as such Network Automation has committed unfair competition in violation of the common law of the State of California.

63.    Network Automation's aforementioned acts have caused and will continue to cause injury to ASCI by depriving ASCI of sales of its genuine goods and services, injuring ASCI's business reputation and goodwill in the ActiveBatch Mark, and passing of Network Automation's goods and services as ASCI's genuine goods and services, all in violation of the common law of the State of California.

64.    Network Automation's aforementioned acts of infringement of ASCI's ActiveBatch Mark and ACTIVEBATCH Registration constitute "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

65.    Network Automation's aforementioned acts have and, unless enjoined by the Court, will continue to cause ASCI to sustain irreparable harm, loss, and injury for which ASCI has no adequate remedy at law.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

**FIFTH CLAIM FOR RELIEF**

**Common Law Misappropriation**

66.    ASCI repeats and re-alleges the allegations of paragraphs 1 through 65 as if fully set forth herein.

67.    ASCI has invested substantial time, man-hours, resources, and money in adopting, developing, and using the ActiveBatch Mark and the goodwill associated therewith.

68.    In committing the aforementioned unlawful and improper acts, Network Automation has misappropriated and taken without permission ASCI's property and converted it to its own use for its own benefit.   By such misappropriation, Network Automation has benefited by using the ActiveBatch Mark and confusingly similar variations thereof to offer and promote Network Automation's goods and services without having to make a substantial investment of its own resources.

69.    Network Automation's acts constitute misappropriation under the common law of the State of California.

70.    Network Automation has and, unless enjoined, will continue to be unjustly enriched by its acts of misappropriation.

71.    Network Automation's aforementioned acts have and, unless enjoined by the Court, will continue to cause ASCI to sustain irreparable harm, loss, and injury for which ASCI has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, counterclaim-plaintiff ASCI demands judgment against counterclaim-defendant Network Automation as follows:

A.    For an Order granting a preliminary and permanent injunction against Network Automation and each of its officers, agents, servants, employees, and those persons acting in concert or participation with them:

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

16

i.      Restraining and enjoining Network Automation from using the ActiveBatch Mark (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, used alone or in combination with any other words, used in caption or text, or used orally or otherwise) or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of the ActiveBatch Mark, as a trade name, trademark, service mark, brand name, company name, business or commercial designation, or as the name of any product or service intended for use in the field of computer software, including in connection with the offering of any job management or scheduling software programs, packages, or services, including without limitation as a domain name, in metatags, in keyword or other pay-per-click advertising, in any sponsored search engine advertising (including but not limited to Google AdWords), in other Internet uses, or in any manner that suggests that Network Automation or its products, services, or activities originate from, are affiliated with, are connected to, are associated with, or are sponsored, endorsed, or approved by ASCI;

ii.      Restraining and enjoining Network Automation from using any other mark, term, slogan, tag line, or phrase that suggests or tends to suggest in any way that Network Automation or its products, services, or activities originate from, are affiliated with, are connected to, are associated with, or are sponsored, endorsed, or approved by ASCI or that ASCI or its products, services, or activities originate from, are affiliated with, are connected to, are associated with, or are sponsored, endorsed, or approved by Network Automation;

iii.      Restraining and enjoining Network Automation from using in connection with any goods or services any false or misleading designation, description, or representation, whether by words or symbols, that suggests or implies any relationship with ASCI or gives Network Automation an unfair competitive advantage in the marketplace or constitutes false advertising;

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828

1          iv.   Restraining and enjoining Network Automation from engaging

2   in any acts of common law trademark infringement, unfair competition, or

3   misappropriation that would damage or injure ASCI;

4          B.   For an Order that, in accordance with section 34 of the Lanham Act

5   (15 U.S.C. § 1116), Network Automation file with the Court and serve on counsel

6   for ASCI within thirty days after service on Network Automation of such Order, or

7   within such other time period as the Court may direct, a report in writing and under

8   oath setting forth in detail the manner and form in which Network Automation has

9   complied with the Order;

10          C.   For an award and Order of disgorgement of Network Automation's

11   profits or other advantages and ASCI's damages resulting from Network

12   Automation's unlawful acts set forth herein, in an amount to be proven at trial,

13   together with interest from the date of accrual thereof;

14          D.   For an award of treble damages in an amount to be proven at trial

15   pursuant to section 35 of the Lanham Act 15 U.S.C. § 1117);

16          E.   For an award of ASCI's reasonable attorneys' fees, interest, and costs

17   incurred in this action;

18          F.   For an award of punitive damages for Network Automation's

19   malicious, wanton, and willful acts as set forth herein; and

20          G.   For an award of such other and further relief as justice and equity may

21   require.

22   DATED: February 22, 2010       FOX ROTHSCHILD LLP

23

24                          /s/ Phillip F. Shinn

25                        James E. Doroshow
                     Phillip F. Shinn

26                        Attorneys for Defendant,
                     Advanced Systems Concepts, Inc.

27

28

## JURY DEMAND

Defendant and Counterclaim-Plaintiff Advanced Systems Concepts, Inc. hereby requests a trial by jury in this matter.

DATED: February 22, 2010                    FOX ROTHSCHILD LLP


                                            _____/s/ Phillip F. Shinn_____
                                            James E. Doroshow
                                            Phillip F. Shinn
                                            Attorneys for Defendant,
                                            Advanced Systems Concepts, Inc.

CASE NO. 2:10-cv-00484 (CBM)(CWx)                    ANSWER AND COUNTERCLAIMS
SF1 29960v1 02/22/10

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 598-4150  Facsimile: (310) 556-9828